IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02482-BNB

JOJO HAMLIN,

    Applicant,

v.

ARISTEDES W. ZAVARAS,

    Respondent.

---

ORDER OF DISMISSAL

---

Applicant, JoJo Hamlin, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Bent County Correctional Facility in Las Animas, Colorado.  Mr. Hamlin, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  Mr. Hamlin has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

On September 29, 2011, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response to the habeas corpus application and address the affirmative defenses of timeliness and exhaustion of state court remedies.  On November 3, 2011, Respondent filed a Response.  Mr. Hamlin filed a Reply on November 23, 2011.

The Court must construe Mr. Hamlin's Application and Reply liberally because he is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se*

litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

Mr. Hamlin asserts that he was given 517 days of presentence confinement credit by the trial court in his state criminal case, but the DOC has improperly applied the time in calculating the length of his sentence. He argues that as a result he is required to serve seventeen and a half years rather than fourteen and a half years. Respondent argues that Mr. Hamlin's claims are not exhausted.

An applicant must exhaust state remedies before he may pursue his claims in a habeas corpus action in this Court. *See Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005). Like other habeas applicants, a § 2241 applicant fulfills the requirement to exhaust state remedies once the issue has been "fairly presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002). This requirement "is satisfied if the federal issue has been properly presented to the highest state court." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard*, 404 U.S. at 278; *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus applicant to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation

marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Respondent specifically argues that Mr. Hamlin has not exhausted state remedies because he raised the issue regarding proper calculation of his sentence in a Colo. R. Crim. P. 35(c) postconviction motion, and a Rule 35(c) proceeding is not the proper means to obtain the remedy he sought.  Respondent states that based on *Meredith v. Zavaras*, 954 P.2d 597, 601 (Colo. 1998), Mr. Hamlin should have brought an action for mandamus relief in state court, or a civil habeas action, to challenge the alleged improper calculation.

In his Reply, Mr. Hamlin argues that the state courts had the issue before them but refused to address the merits.  Mr. Hamlin further contends that the Colorado Attorney General uses the exhaustion argument against all indigent inmates so he does not have to address the merits of an inmate's claim.

The Court has reviewed the order entered by the trial court in Mr. Hamlin's Colo. R. Crim. P. 35(c) postconviction motion, in which he raised the presentence confinement credit claim, and the Colorado Court of Appeals' (CCA's) opinion affirming the trial court's denial of Mr. Hamlin's presentence confinement claim.  *See* Pre-Answer Resp. at Exs. A-1 and A-2.  The Court also has reviewed the findings in *Edwards v. People*, 196 P.3d 1138 (Colo. 2008).

In Mr. Hamlin's Rule 35(c) postconviction motion, the trial court specifically instructed Mr. Hamlin that under *Edwards* a sentencing court does not have the discretion to grant or deny presentence confinement credit. Ex. A-1 at 4. The CCA further instructed Mr. Hamlin that his remedy "lies elsewhere." Ex. A-2 at 8.

Under state law, Mr. Hamlin's remedy to challenge the execution of his sentence by the DOC is not cognizable under Colo. R. Crim. P. 35(a) or (c). As found by the CCA, Mr. Hamlin was not claiming that the trial court deprived him of his right to presentence confinement credit or that he had a current right to release. Ex. A-2 at 8. He, therefore, must raise his claim with the DOC and not the trial court. *See Edwards*, 196 P.3d at 1144. The proper manner to exhaust an execution of sentence claim is through an action for mandamus relief in the state court, or a civil habeas action. *See Meredith*, 954 P.2d at 601.

As early as December 6, 2010, when the Colorado Supreme Court denied Mr. Hamlin's petition for certiorari review, he was on notice that seeking relief in a Rule 35(a) or (c) postconviction motion is not the proper avenue for challenging the execution of his sentence by the DOC. Although the trial court and the CCA did not specifically instruct Mr. Hamlin on the proper procedure to follow regarding his execution claim, the Court is unaware of any constitutional right to receive legal advice from a court. In fact, a Colorado state court is not permitted to give legal advice to a party. *See People v. Altman*, 960 P.2d 1164, 1173 n. 5 (Colo. 1998) (citing *Espinoza v. O'Dell*, 633 P.2d 455, 469 (Colo. 1981) (Erickson J. concurring) ("It is not [the court's] province to give legal advice.")). Furthermore, ignorance of the law is not an excuse for failing to exhaust state remedies. *Cf. Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("ignorance

of the law, even for an incarcerated pro se [applicant], generally does not excuse prompt filing.") (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)).

"A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his . . . claims through one 'complete round of the State's established appellate review process.'" *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).  Mr. Hamlin has not presented his claims in a request for mandamus relief or a civil habeas action for a review on the merits.  He has failed to exhaust his state remedies prior to filing this habeas corpus action with the Court.  Therefore, the Application will be denied and the action dismissed for failure to exhaust state court remedies prior to initiating the instant lawsuit.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Hamlin files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action dismissed without prejudice for failure to exhaust state court remedies before seeking federal court intervention.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED January 9, 2012, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court